UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------------------
CHANA HECHT                                              **CLASS ACTION**
                                                         **COMPLAINT**

                                                    Plaintiff,

      -against-

DREW ECKL & FARNHAM, LLP,
BRIAN T. MOORE, ERIC MULL and
KELLY H. WOOD,

                                              Defendants.
------------------------------------------------------------------------------

# COMPLAINT FOR VIOLATIONS
# OF THE FAIR DEBT COLLECTION PRACTICES ACT

      Plaintiff brings this action on her own behalf and on behalf of all others similarly situated for damages arising from the defendants' violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## Introduction

1.     This action seeks redress for the illegal practices of Defendants, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

## Jurisdiction and Venue

2.     This Court has Federal question jurisdiction under 28 U.S.C. § 1331.

3.     Venue is proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in this District. Additionally, Plaintiff resides in this District.

1

4. Plaintiff is a resident of the State of Connecticut who resides in Norwalk, Connecticut.

5. Plaintiff is a "Consumer" as that term is defined by § 1692(a)(3) of the FDCPA in that the alleged debt that the defendants sought to collect from Plaintiff is a consumer debt.

6. Upon information and belief, defendants are debt collectors located in the state of Georgia who caused the collection letter complained of herein to be sent within the state of Connecticut.

7. Defendants are regularly engaged in the collection of debts allegedly owed by consumers.

8. Defendants are "Debt Collectors" as that term is defined by § 1692(a)(6) of the FDCPA.

9. Plaintiff received direct communications from the defendants in regard to a consumer debt. Attached hereto as Exhibit "A" is a copy of the letter. Said letter was the initial communication sent by the defendants to the Plaintiff. Plaintiff received no other communications from the defendants within five days from receipt of the initial communication attached as Exhibit "A".

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of Plaintiff and all consumers and their successors in interest who were sent letters addressed in the state of Connecticut (the "Class") who received a collection letter that was the initial communication sent to them by any or all of the defendants which contained a 30-day notice identical to the one

received by the Plaintiff herein.  Said notice reads as follows:  "If you believe that this debt is not valid, you have 30 days to dispute the validity of this debt.  If you dispute the validity of this debt within 30 days, we will obtain verification of this debt and Bank of America will send you a copy of the verification.  Finally, please be advised that this firm is attempting to collect a debt and any information obtained will be used for that purpose."  Excluded from the Class are the defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendants, including, without limitation, persons who are officers, directors, employees, associates or partners of defendants.  Plaintiff seeks to represent a second class of individuals who received a 30-day notice wherein the defendants indicated as follows:  "It is important to understand that you have options concerning this debt, and that we are willing to work with you to explore those options prior to proceeding with litigation."  And also indicated within the letter:  "I truly appreciate your time and cooperation in this matter, and ask that you contact me directly to discuss removing this matter from the litigation process."

11.    This action is properly maintained as a class action.  This Class satisfies all the requirements of Rule 23 for maintaining a class action.

12.    The Class is so numerous that joinder of all members is impracticable.  Upon information and belief, 40 or more persons have received debt collection notices from the defendant, which violate various provisions of the FDCPA.

13.    There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

      a.      Whether the defendants violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692g.

      b.      Whether Plaintiff and the Class have been injured by the defendants' conduct; and

      c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendants' wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

14.     Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

15.     Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

16.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

17.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will

proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

18.     Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

19.     Plaintiff re-alleges and incorporates herein by reference, all the foregoing paragraphs as if set forth fully herein.

20.     Upon information and belief, the collection letter is a form letter sent by defendants to the Plaintiff.

21.     Collection letters, such as those sent by defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

22.     Section 1692g(a)(3) requires "a statement that unless the consumer, within 30 day after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."  Said notice provision does not comply with the statute as it fails to accurately and effectively convey the required notice to the consumer.

23.     Section 1692g(a)(4) requires a statement that: "If the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of a debt or a copy of a judgment against a consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector".  Said notice provision does not comply with the statute as it fails to accurately and effectively convey the required notice to the consumer.

5

24. Defendants violated §1692e by falsely implying that the law firm of Drew, Eckl & Farnham, LLP had the ability to bring a cause of action against the defendants located within the state of Connecticut. Said statement falsely implies that Drew, Eckl & Farnham, LLP has the ability to sue the consumer within the state of Georgia and implies that Drew, Eckl & Farnham, LLP has the ability to bring an action within the state of Connecticut.

## JURY TRIAL DEMAND

25. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying Plaintiff as Class representatives;

b) Awarding Plaintiff and the class statutory damages;

c) Awarding Plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

d) Awarding Plaintiff and the class such other and further relief as the Court may deem just and proper including, but not limited to punitive damages and injunctive relief.

Dated:  Cedarhurst, New York
         May 20, 2011

Plaintiff requests trial by jury on all issues so triable.

                                      *s/Lawrence Katz*
                                      _____
                                      Lawrence Katz
                                      445 Central Avenue Suite 201
                                      Cedarhurst, New York 11516
                                      Telephone  (516) 374-2118
                                      Facsimile   (516) 706-2404